# NO. 12-18-00091-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES RAY PENDERGRAFT,* *APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

James Ray Pendergraft appeals his conviction for aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of aggravated assault with a deadly weapon, a second degree felony,[1] by intentionally, knowingly, and recklessly causing bodily injury to the victim by striking the victim with a bat, and that the Appellant used or exhibited a deadly weapon, i.e., a bat. The indictment also included one felony enhancement paragraph. Appellant pleaded "not guilty," and the case proceeded to a jury trial. At the conclusion of the trial, the jury found Appellant guilty of aggravated assault with a deadly weapon as charged in the indictment. At the sentencing hearing, Appellant pleaded "true" to the enhancement paragraph. Consequently, the trial court found the enhancement paragraph to be "true" and assessed Appellant's punishment

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2019).

at thirty-five years of imprisonment.[2] The trial court also made an affirmative finding that Appellant used or exhibited a deadly weapon, i.e., a bat, during the commission of the offense. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel[3] filed a brief in compliance with *Anders* and *Gainous*, stating that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[4]

Appellant filed a pro se response, stating that when he pleaded guilty, he protested that he did not "beat [his] wife with [a] baseball bat." He argues that the trial court abused its discretion for not recognizing his statement as an *Alford* plea. *See North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Further, Appellant contends that on two subsequent occasions, he petitioned, along with the State, for the trial court to accept the plea agreement, the

---

[2] If it is shown on the trial of a second degree felony that the defendant has previously been finally convicted of a felony other than a state jail felony, on conviction the defendant shall be punished for a first degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b) (West 2019). An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years, and in addition, a fine not to exceed $10,000.00. *See id*. § 12.32 (West 2019).

[3] Appellant's original appellate counsel also filed a brief in compliance with *Anders* and *Gainous*, and moved to withdraw. We affirmed and granted counsel's motion to withdraw. *See Pendergraft v. State*, No. 12-18-00091-CR, 2019 WL 1716010 (Tex. App.—Tyler Apr. 17, 2019) (mem. op.) (not designated for publication), *vacated* No. PD-0474-19, 2020 WL 2062305 (Tex. Crim. App. Apr. 29, 2020) (not designated for publication). On appeal to the Texas Court of Criminal Appeals, the Court vacated our judgment and remanded the case to this court because it determined that Appellant had "not had access to the appellate record so as to afford him the ability to file a pro se response." *Pendergraft*, 2020 WL 2062305, at *1. Upon remand, the trial court appointed new appellate counsel to represent Appellant. Appellant's new appellate counsel filed a letter with this court stating that after a diligent review of the record, she found no meritorious issues to raise on appeal. Thus, she adopted the *Anders* brief filed by Appellant's original appellate counsel.

[4] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief.

agreed upon twelve-year prison sentence, and a new stipulation of evidence pursuant to the indictment. He contends that the trial court abused its discretion by rejecting his guilty pleas and not "reach[ing] a rational decision based on all relevant factors." And, he argues, the trial court adversely proceeded against Appellant when it decided to apply an "appropriate sentence [of] 35 years [in prison]." We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

<u>CONCLUSION</u>

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 22 S.W.3d at 408 n. 22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 22 S.W.3d at 408 n. 22.

Opinion delivered October 6, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 6, 2021**

**NO. 12-18-00091-CR**

**JAMES RAY PENDERGRAFT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1264-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4